Case 1:17-cv-07599-RA   Document 72   Filed 10/09/18   Page 1 of 4

Troutman Sanders LLP
600 Peachtree Street NE, Suite 3000
Atlanta, GA  30308-2216

troutman.com



**James A. Lamberth**
james.lamberth@troutman.com

October 9, 2018

**VIA ECF**

Hon. Ronnie Abrams
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:   Turner Network Sales, Inc. v. DISH Network, L.L.C., Civil Action No. 17-CV-7599 (RA); Joint Letter-Motion for Leave to File Summary Judgment Papers Under Seal**

Dear Judge Abrams:

As indicated in the letter-motion filed on October 4, 2018, Plaintiff/Counter-Defendant Turner Network Sales, Inc. ("TNS, Inc.") intends to file a motion for summary judgment in the above-referenced case on or before October 12, 2018.  As the Court is aware, TNS, Inc.'s claims against DISH Network L.L.C. ("DISH") and DISH's counterclaims concern the highly confidential terms and conditions of the parties' affiliation agreements.  On April 6, 2018, TNS, Inc. and DISH entered into a Stipulated Protective Order that governs all discovery taken in connection with this action, which the Court entered the same day.  *See* Dkt. Nos. 56, 57.  Due to the highly confidential nature of the terms of the parties' affiliation agreements and testimony and documents concerning the parties' negotiation of and performance under those agreements, nearly all of the discovery in this action has been designated as either "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL EYES ONLY" pursuant to the terms of the Stipulated Protective Order.  The parties anticipate that nearly all of the evidence submitted in support of or in opposition to any motion for summary judgment will involve highly confidential and sensitive business information of the parties, the public disclosure of which would cause competitive harm to one or both of the parties.

Accordingly, the parties jointly request that the Court issue an order granting TNS, Inc. and DISH leave to file their memoranda of law in support of or in opposition to summary judgment in redacted form, with the unredacted versions to be filed under seal, and to file under seal their statements of material facts and other supporting evidence (including declarations, affidavits, deposition transcripts, and documentary evidence).  TNS, Inc. will file its notice of motion for summary judgment publicly on ECF, and TNS, Inc. and DISH each will publicly file redacted memoranda of law at the time they file their summary judgment papers.

**Hon. Ronnie Abrams**
October 9, 2018
Page 2



### The Court Should Permit TNS, Inc. and DISH to File Their Memoranda of Law and Supporting or Opposing Documents Under Seal

TNS, Inc. filed its Complaint in this action on October 4, 2017.  TNS, Inc. originally filed its Complaint under seal because the Complaint contains references to certain highly confidential, competitively sensitive business information of both TNS, Inc. and DISH.  On November 15, 2017, TNS, Inc. and DISH filed a joint motion requesting that the Court issue an order allowing TNS, Inc.'s unredacted Complaint to remain under seal and that a public version of the Complaint be filed with the parties' proposed redactions.  *See* Dkt. Nos. 29, 30, 31, 32.  The parties submitted declarations that demonstrate that the Complaint contains highly confidential, competitively sensitive business information of both parties.  *See* Dkt. Nos. 31, 32.  On November 16, 2017, the Court found that there was good cause to permit the redacted portions of the Complaint to be filed under seal and granted the parties' motion.  *See* Dkt. No. 33.

On November 27, DISH requested that the Court permit it to file under seal unredacted versions of its Answer and Counterclaims.  *See* Dkt. Nos. 37, 38, 40.  This Court again found that there was good cause to permit the redacted portions of DISH's Answer and Counterclaims under seal and granted DISH's motion.  *See* Dkt. No. 42.  On December 14, 2017, DISH filed its First Amended Counterclaims and again moved the Court to allow the unredacted First Amended Counterclaims to be filed under seal.  *See* Dkt. Nos. 44, 45.  On December 18, 2017, the Court granted in part and denied in part DISH's motion, permitting DISH to redact certain portions of its First Amended Counterclaims that were previously redacted.  *See* Dkt. No. 46.  On December 28, 2017, TNS, Inc. served its Answer to DISH Network L.L.C.'s First Amended Counterclaims and requested that the Court permit it to file under seal an unredacted version of its Answer.  On January 3, 2018, the Court granted TNS, Inc.'s motion.  *See* Dkt. No. 49.  On January 18, 2018, TNS, Inc. served an Amended Answer to DISH's First Amended Counterclaims and requested that the Court permit it to file under seal an unredacted version of its Amended Answer.  On January 19, 2018, the Court granted TNS, Inc.'s motion.  *See* Dkt. No. 54.  On May 10, 2018, TNS, Inc. requested that the Court permit it to file under seal an unredacted version of its First Amended Complaint.  *See* Dkt. No. 61.  On May 14, 2018, the Court granted TNS, Inc.'s motion.  *See* Dkt. No. 62.  On June 1, 2018, DISH requested that the Court permit it to file under seal an unredacted version of its Answer to TNS, Inc.'s First Amended Complaint.  *See* Dkt. No. 66.  On June 6, 2018, the Court granted DISH's motion.  *See* Dkt. No. 67.

On April 6, 2018, TNS, Inc. and DISH entered into a Stipulated Protective Order that governs all discovery taken in connection with this action, which the Court entered the same day.  *See* Dkt. Nos. 56, 57.  Paragraph 11 of the Stipulated Protective Order requires that, in the event any information or material designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" under the Order is used, described, characterized, excepted, referenced in, or attached to any court proceeding or submission in connection with this litigation, the parties must take all steps reasonably required to protect its confidentiality during the proceedings and seek to file such material under seal in accordance with the Court's rules



and instructions.  Dkt. No. 57 at 10.  TNS, Inc. and DISH hereby seek to file such designated material under seal as required by Paragraph 11 of the Stipulated Protective Order.

For the same reasons described in the parties' November 15 motion to permit TNS, Inc. to file its original Complaint under seal, TNS, Inc. and DISH now respectfully request that the Court grant this motion to permit them to file under seal their unredacted memoranda of law in support of or opposition to summary judgment and to file under seal other supporting or opposing documents (including affidavits/declarations and exhibits, deposition transcripts, and statements of material facts or responses thereto).

TNS, Inc.'s memorandum of law in support of its motion for summary judgment and its supporting documents will reference the same highly confidential, competitively sensitive contractual provisions that were redacted in TNS, Inc.'s original Complaint and its original Answer, DISH's Answer, Counterclaims, and First Amended Counterclaims, TNS, Inc.'s First Amended Complaint, and DISH's Answer to TNS, Inc.'s First Amended Complaint.  In particular, TNS, Inc.'s memorandum of law, statement of material facts, supporting declarations, deposition testimony, and other exhibits concern the highly confidential, competitively sensitive terms of the parties' affiliation agreements and the parties' negotiation of and performance under those terms.  The information contained in these materials is highly confidential and the disclosure of such information would cause significant financial and irreparable harm to the parties should competitors of TNS, Inc. or DISH obtain knowledge of the terms of the parties' agreements.  *See* Decl. of Scott A. Miller (Dkt. No. 31) at ¶¶ 9-15 and Decl. of Andrew LeCuyer (Dkt. No. 32) at ¶¶ 6-11, both filed in support of Joint Renewed Mot. to File Under Seal (Dkt. No. 30).

Courts regularly seal documents exchanged in discovery and filed in support of a party's motion for summary judgment when the disclosure of such evidence would cause financial or competitive harm.  *See SEC v. Ahmed*, 2018 U.S. Dist. LEXIS 152504, at *7-10 (D. Conn. Sept. 6, 2018) (sealing contract documents and deposition transcripts filed in support of motion for summary judgment, reasoning that because public disclosure of that evidence "would aid '[c]ommercial competitors seeking an advantage over rivals,'" its confidentiality "outweigh[s] the public's presumption of access." (alteration in original) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995))); *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 704-08 (S.D.N.Y. 2017) (granting motion to seal portions of memorandum of law and statement of material facts filed in support of motion for summary judgment, as well as declarations and other documentary evidence filed in support thereof, where disclosure of such evidence "'might harm a litigant's competitive standing'" (quoting *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009))); *Playtext Prods., LLC v. Munchkin, Inc.*, 2016 U.S. Dist. LEXIS 42261, at *38-42 (S.D.N.Y. Mar. 29, 2016) (granting motion to seal portions of summary judgment briefing and underlying evidence filed in support thereof, reasoning that "Plaintiffs would be competitively harmed if [that evidence] were revealed").  Moreover, "documents 'such as those passed between the parties in discovery' often play 'no role in the performance of Article III functions' and so the presumption of access to these records is low."  *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2015) (quoting *Amodeo*, 71 F.3d at

**Hon. Ronnie Abrams**
October 9, 2018
Page 4



1050).  Evidence filed in support of a motion for summary judgment is entitled to less of a presumption of public assess than are the dispositive motions themselves.  *See Oliver Wyman, Inc.*, 282 F. Supp. 3d at 705-06.

This Court already has found that good cause exists to keep the highly confidential provisions of the parties' affiliation agreements under seal.  The parties will publicly file on ECF any notice of motion for summary judgment and redacted versions of their memoranda of law in support or opposition with redactions that are tailored to remove references to the parties' highly confidential information.  Because nearly all of the parties' supporting or opposing documents will consist of or include information regarding the highly confidential terms of the parties' affiliation agreements, the negotiation of those terms, or the parties' performance under those terms, sealing of these materials is appropriate under the standards set forth in *Lugosch v. Pyramid Co. of Onandaga*, 435 F.3d 110, 120 (2d Cir. 2005).  *See* Dkt. No. 30.

### Conclusion

For the reasons stated above, TNS, Inc. and DISH respectfully request that the Court enter an order permitting the parties to file their memoranda of law in support of or in opposition to summary judgment in redacted form, with the unredacted versions to be filed under seal, and to file under seal any statement of material facts (or response thereto) and other supporting or opposing documents (including affidavits, declarations, deposition transcripts, or documentary evidence) filed therewith.

Respectfully submitted,

Troutman Sanders LLP

<u>/s/ James A. Lamberth</u>
Counsel for TNS, Inc.

Coblentz Patch Duffy & Bass LLP

<u>/s/ Richard R. Patch</u>

Counsel for DISH


cc:     All Counsel (via ECF)