USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 1/9/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TURNER NETWORK SALES, INC.,

Plaintiff,

v.

DISH NETWORK L.L.C.,

Defendant.

No. 17-CV-7599 (RA)

MEMORANDUM OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Before the Court are the parties' unopposed motions to seal materials they submitted in connection with Plaintiff's motion for summary judgment, Defendant's opposition to that motion, and Plaintiff's reply. The Court has reviewed the parties' submissions, which include their summary judgment papers with highlighted proposed redactions, as well as letters and declarations explaining the bases for such proposed redactions. *See* Dkts. 77, 81, 84. For the reasons explained below, the motions are denied.

"The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). It is "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). In light of these important considerations, the Second Circuit has articulated a three-part test for evaluating whether documents submitted to a federal court may be sealed. *Id.* First, a court must determine whether the documents at issue are judicial documents.

*Id.* Second, the court must assess the weight of the presumption of public access that attaches to those documents. *Id.* Third, the court must "balance competing considerations against" the presumption of access, such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* at 120 (internal quotation marks omitted). A court must "make specific, rigorous findings before sealing [a] document or otherwise denying public access." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (quoting *Newsday LLC v. Cty. Of Nassau*, 730 F.3d 156, 167 n.15 (2d Cir. 2013)).

Here, the documents that the parties seek to seal are undoubtedly judicial documents, since "documents submitted to a court for its consideration on a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches." *Lugosch*, 435 F.3d at 121. Moreover, in light of the Second Circuit's admonition that "documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons," *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982), the weight of the presumption of access afforded these documents is very high.

The presumption of public access is particularly strong in this case, not only because the documents were submitted in connection with a motion for summary judgment, but also because the portions of the submissions that the parties seek to seal are critical to the Court's adjudication of that motion. The weight of the presumption of access afforded a particular judicial document is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Lugosch*, 435 F.3d at 119. This is an action for breach of an affiliation agreement. How to interpret the terms of that agreement is the central disputed issue in this case. The parties' motion papers are in substantial

part dedicated to analyzing the terms of the agreement, and the interpretation of those terms will likewise be central to the Court's adjudication of the motion. Nonetheless, the parties have asked this Court to seal nearly all references to the relevant terms of the affiliation agreement, as well as most references to the parties' negotiations of, and performance of, those terms. If the Court were to grant the parties' sealing requests, it would be "unable to explain [its] reasoning [in adjudicating the summary judgment motion] without extensive reference to materials under seal." *Joy*, 693 F.2d at 897. The public would consequently be unable to access "matters that directly affect [this] adjudication," leaving the Court without any "measure of accountability" and the public without any "confidence in the administration of justice." *Lugosch*, 435 F.3d at 119.

The parties urge the Court to seal the terms of their affiliation agreements on the ground that "the disclosure of this information would cause significant financial and irreparable harm to the parties should competitors of TNS, Inc. or DISH obtain knowledge of the terms of the parties' agreements." Pl's. Ltr. at 4, Dkt. 77. They submit declarations attesting to the fact that the agreements contain "highly confidential, competitively sensitive terms." Miller Decl. at ¶ 11, Dkt. 77. The parties argue that the competitive harm they stand to suffer from disclosure of these confidential terms outweighs the strong presumption of public access that attaches to the judicial documents. The Court disagrees.

It is true that harm to a litigant's competitive standing is a "countervailing factor," *Lugosch*, 435 F.3d at 120, that courts may consider when weighing the public's right of access against a litigant's interests in closure. *See Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (citing the "extensive and irreparable harm" to "defendants' competitive position" that would result from disclosure). It is also true that courts in this circuit, under certain circumstances, have granted sealing requests on the ground that competitively

3

sensitive information, if disclosed, "might harm a litigant's competitive standing." *Oliver Wyman, Inc. v Eielson*, 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017) (approving the redaction of individual partner compensation); *see also, e.g., Encyclopedia Brown*, 26 F. Supp. 2d at 614 (sealing confidential information in affiliation agreements on the ground that disclosure would harm the defendants' competitive standing); *Seoul Viosys Co. v. P3 Int'l Corp.*, 16-cv-6276 (AJN), 2018 U.S. Dist. LEXIS 169651, at *41 (S.D.N.Y. Sept. 30, 2018) (approving redactions of portions of confidential settlement agreements and other confidential business information). But here the parties ask the Court to seal, in essence, *all* of the material critical to the adjudication of the pending motion for summary judgment. It is unwilling to do so. The Court is unable to adjudicate that motion without substantial reference to, and interpretation of, the material that the parties seek to redact. And the parties have not cited a single case in which, merely to avoid potential harm to a litigant's competitive standing, a court has retained under seal material so substantial and so critical to the disposition of a motion for summary judgment. *Cf. Joy*, 692 F.2d at 894 (lifting the protective order on a report that was the "basis for the adjudication" on summary judgment, as "only the most compelling reasons can justify the total foreclosure of public and professional scrutiny.").

Having weighed the extremely high presumption of access that attaches to these judicial documents against the important, but lesser, interests of the litigants in maintaining their competitive standing, the Court denies the parties' requests to seal the documents submitted to the Court in connection with the pending motion for summary judgment. Should the parties wish to submit alternative proposed redactions more narrowly tailored to the interests they seek to protect, they may submit such proposed redactions to the Court no later than January 30, 2019. However, the parties are advised that, for the reasons set forth in this Order, the Court will not shield from

the public the key terms of the affiliation agreements, which are critical to adjudicating the pending summary judgment motion. The Clerk of Court is respectfully directed to terminate the motions pending at docket entries 72, 77, 81, and 84.

SO ORDERED.

Dated: January 9, 2019
New York, New York

_____
Ronnie Abrams
United States District Judge